IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MICHAEL E. MOON, | ) | CASE NO. 1:18-cv-02480 |
| | ) | |
| Petitioner, | ) | JUDGE JEFFREY J HELMICK |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| WARDEN TIM SHOOP, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

On October 26, 2018, Petitioner Michael E. Moon ("Petitioner" or "Moon"), through counsel, filed a habeas corpus action pursuant to 28 U.S.C. § 2254.  Doc. 1, p. 8 (hereinafter referred to as "Petition").  Moon challenges the constitutionality of his convictions and sentence in Case No. CR-09-522061 (Cuyahoga County).   Doc. 1.  This matter has been referred to the undersigned Magistrate Judge pursuant to Local Rule 72.2.

On July 8, 2009,[1] after Moon pleaded guilty to four counts of Pandering Sexually-Oriented Matter Involving a Minor (Counts 1-4), forty-six counts of Illegal Use of a Minor in Nudity-Oriented Material or Performance (Counts 5-40 and 47-56), and two counts of Possession of Criminal Tools (Counts 100-101) (Doc. 6-2, p 43),[2] the trial court sentenced Moon to an aggregate prison term of 20 years.[3]  Doc. 6-2, pp. 44-45.

---

[1] The sentencing journal entry was time-stamped on July 10, 2009.  Doc. 6-1, p. 44.

[2] The remaining counts were nolled.  Doc. 6-2, p. 43.

[3] The trial court also imposed a 5-year mandatory period of post-release control and classified Moon as a Tier II sex offender/child victim offender registrant.  Doc. 6-1, pp. 44, 256.  On appeal, the court of appeals remanded the case to the trial court for correction of the post-release control sentence as it pertained to the two counts of criminal possession, which carried only a mandatory three years of post-release control.  Doc. 6-1, pp. 256, 268.

1

Through the same counsel who represents Moon in the present action, on May 31, 2012, Moon previously filed a federal habeas corpus petition relating to his convictions and sentence in Case No. CR-09-522061 (Cuyahoga County).  Doc. 6-1, pp. 345-359; *see also Moon v. Robinson*, Case NO. 1:12-cv-01396 (N.D. Ohio).   To afford Moon the ability to return to state court to challenge the validity of the search warrant, a copy of which was filed under seal and not requested by Moon's trial counsel or provided by the prosecution, on August 2, 2013, the Court dismissed Moon's petition in that case without prejudice and prospectively tolled the statute of limitations set forth in 28 U.S.C. § 2244(d)(1), provided that Moon complied with certain conditions as set forth by the Court.  Doc. 6-1, pp.  433-444 ("August 2, 2013, order").  More particularly, the Court stated that:

> the statute of limitations, 28 U.S.C. 2244(d), should be equitably tolled while Moon promptly exhausts his state court remedies. Moon shall resume his pursuit of his state remedies within 30 days of my order and then he must return to federal court within 30 days of exhausting his state remedies. If Moon fails to abide by these guidelines, he will not be entitled to equitable tolling under this order and my prospective tolling of the statute of limitations will be rescinded.

Doc. 6-1, p. 444.

For the reasons explained below, the undersigned concludes that Moon's October 26, 2018, Petition was not timely filed within AEDPA's one-year statute of limitations.  Further, the undesigned concludes that Moon failed to satisfy the conditions required for equitable tolling of the statute of limitations as set forth in the August 2, 2013, order.  Also, the undersigned concludes that Moon has not demonstrated that he is entitled to traditional equitable tolling or statutory tolling.  Accordingly, the undersigned recommends that the Court **DISMISS** Moon's Petition as barred by the statute of limitations.

2

## I.     Factual Background

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, the state court's factual determinations are presumed correct.  28 U.S.C. § 2254(e)(1).  The petitioner has the burden of rebutting that presumption by clear and convincing evidence.  *Id.*; *see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008) *cert. denied,* 129 S. Ct. 2878 (2009).  The Eighth District Ohio Court of Appeals summarized the facts underlying Moon's convictions as follows:

> {¶3}  The Cuyahoga County Grand Jury indicted Moon for over a 100 counts consisting of illegal use of a minor in nudity-oriented material, pandering sexually-oriented matter involving a minor, and possession of criminal tools.  Moon entered a plea to four counts of pandering, 45 counts of illegal use of a minor in nudity-oriented material, and two counts of possession of criminal tools. The offenses arose from Moon's possession of over 500 images of child pornography.
>
> {¶4}  The search that precipitated his arrest was based upon baggage screeners locating 50 photographs of child pornography concealed in several envelopes in Moon's checked-in luggage. Because the luggage scanner could not penetrate the envelopes, a hand search was conducted, revealing the images. Officers did not attempt to retrieve Moon's computer until several days after his arrest. By then, Moon was out on bail, and his home computer had been concealed or destroyed; it was never recovered. However, in searching the house, the officers recovered seven computer disks containing child pornography.

Doc. 6-1, pp. 246-247.

## II.     Procedural Background

### A.  Conviction and direct appeal

In June 2009, Moon pleaded guilty to Counts 1 through 4 (pandering sexually-oriented matter involving a minor), Counts 5 through 40 (illegal use of minor in nudity-oriented material or performance), Counts 100 through 101 (possession of criminal tools), and Counts 47 through

56 (illegal use of minor in nudity-oriented material or performance) as amended.  Doc. 6-1, p. 43.  The remaining counts were nolled.  *Id.*  At the sentencing hearing held on July 8, 2009, the trial court sentenced Moon to an aggregate prison term of 20 years.  Doc. 6-1, pp. 44-45.  More particularly, the trial court sentenced Moon to 6 years each on Counts 1-4, 5-40, and Counts 47-56 and, 12 months each on Counts 100 and 101.  Doc. 6-1, p. 44.  The trial court ordered all counts to run concurrent to each other but consecutive with Counts 1, 5, 47, 100, and 101.  *Id.* The trial court also imposed a 5-year mandatory period of post-release control and classified Moon as a Tier II sex offender/child victim offender registrant.  Doc. 6-1, pp. 44, 256.

In his direct appeal to the Eighth District Court of Appeals, Moon, through counsel, raised seven assignments of error.  Doc. 6-1, pp. 141-157, 158-226.  The seven assignments of error were:

1. Appellant was denied effective assistance of counsel as guaranteed by Section 10, Article I, of the Ohio Constitution and the Sixth and Fourteenth Amendments of the United States Constitution when trial counsel advised Appellant to enter pleas of guilty without examining the search warrant or making a motion to unseal the search warrant.

2. The trial court erred when sentencing Appellant by considering the fact that Appellant's computer was now missing when there is no evidence that Appellant had anything to do with that.

3. The trial court erred by ordering Appellant to serve a sentence which is contrary to law.

4. The trial court erred by ordering Appellant to serve a twenty (20) year prison sentence which is contrary to law because the sentence impose[d] was inconsistent with the sentences imposed on similarly situated offenders and the court erred when it failed to consider similar and proportionate sentences.

5. Appellant's twenty (20) year prison sentence violated the Eighth Amendment of the United States Constitution that prohibit cruel and unusual punishment.

6. Appellant's consecutive sentences are contrary to law and violative of due process because the trial court failed to make and articulate the findings and reasons necessary to justify it.

4

> 7. Appellant is entitled to a de novo sentencing hearing as the court did not properly impose a specific term or period of postrelease control at the sentencing hearing.

Doc. 6-1, p. 162.

After briefing by Moon and the State of Ohio, (Doc. 6-1, pp. 158-226, 227-243), on September 23, 2010, the court of appeals affirmed in part, reversed in part, and remanded the judgment of the trial court.  Doc. 6-1, pp. 244-260.  The court of appeals overruled the first through sixth assignments of error and sustained Moon's seventh assignment of error, remanding the case to the trial court for correction of the post-release control sentence as it pertained to the two counts of criminal possession, which had only a mandatory three years of post-release control.  Doc. 6-1, pp. 256, 268.  With respect to Moon's claim of ineffective assistance of counsel, the court of appeals stated in part:

> Moon argues that by not requesting to view the unsealed warrant, counsel was deprived of possibly arguing the search warrant was defective.  If the search warrant was defective, then the offenses linked to the disks found at Moon's home would have been eliminated.
>
> Moon's argument is based on pure speculation because we obviously do not know what is contained in the search warrant.  Speculation is insufficient to demonstrate the required prejudice needed to succeed on a claim for ineffective assistance of counsel.  The search warrant could have just as likely been valid.  Thus, Moon is unable to overcome the "strong presumption" that defense counsel's performance constituted reasonable assistance because there is no evidence that the unsealing of the warrant would have changed the result of the proceedings.  Accordingly, Moon's first assigned error is overruled.

Doc. 6-1, p. 248 (internal citations omitted).

On October 6, 2010, the court of appeals denied Moon's motion for reconsideration of its decision.  Doc. 6-1, pp. 261-266, 267.

On November 16, 2010, Moon filed a notice of appeal (Doc. 6-1, pp. 269-271) and

memorandum in support of jurisdiction (Doc. 6-1, pp. 272-303) with the Supreme Court of Ohio.

In his memorandum in support of jurisdiction, Moon raised the following propositions of law:

1. A defendant is denied effective assistance of counsel as guaranteed by Section 10, Article I, of the Ohio Constitution and the Sixth and Fourteenth Amendments of the United States Constitution when trial counsel advised defendant to enter pleas of guilty without examining the search warrant or making a motion to unseal the search warrant.

2. Before imposing consecutive sentences, Ohio trial courts must make the findings of fact specified by R.C. 2929.12(E)(4) to overcome the presumption of favoring concurrent sentences in R.C. 2929.41(A) and to allow more uniform, consistent sentences.

Doc.  6-1, p. 273.  On March 2, 2011, the Supreme Court of Ohio denied Moon leave to appeal

and dismissed the appeal as not involving any substantial constitutional question.  Doc. 6-1, p.

304.  On March 9, 2011, Moon filed a motion for reconsideration with the Supreme Court of

Ohio that the court denied on April 20, 2011.  Doc. 6-1, pp. 305-310, 311.

**B.  Proceedings to obtain copy of search warrant**

After Moon's convictions and sentence were affirmed on appeal and the Supreme Court

of Ohio denied him leave to appeal, on October 13, 2011, Moon through current counsel filed a

motion in the trial court to unseal the search warrant "for the limited purpose of providing a copy

to [his] counsel."  Doc. 6-1, pp. 312, 435-436.  The trial court granted the motion to unseal

without objection.  Doc. 6-1, pp. 313, 436.  On May 29, 2012, the trial court denied Moon's

request to make the unsealed search warrant a part of the official record under Ohio App. R.

9(E).  Doc. 6-1, pp. 314-340, 341-343, 344, 436.

**C.  Prior federal habeas petition**

In his May 31, 2012, federal habeas petition, Moon raised the following two grounds for

relief:

**GROUND ONE**: Petitioner was denied effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution when trial counsel advised appellant to enter pleas of guilty without examining the search warrant or making a motion to unseal the search warrant.

**GROUND TWO**: Petitioner was denied due process as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution when the trial court imposed a sentence contrary to law.

Doc. 6-1, pp. 349-352, 436.

On August 2, 2013, this Court issued a Memorandum Opinion and Order ("MOO") (Doc. 6-1, pp. 433-444) dismissing the petition without prejudice and equitably tolling the statute of limitations "provided Moon complies with certain conditions[.]"  (Doc. 6-1, p. 433).

In the MOO, the Court explained that, when reviewing Moon's ineffective assistance of counsel claim, the state court of appeals did not address whether Moon's trial counsel was deficient because it "determined Moon could not demonstrate prejudice because the search warrant was not part of the trial court record and thus, the court concluded, Moon's claims of prejudice were speculative."  Doc. 6-1, p. 438.  Since the state court of appeals had not decided whether Moon's trial counsel was deficient for not seeking to unseal the search warrant, the Court considered the deficiency prong de novo.  *Id.*  In doing so, the Court concluded that Moon's trial counsel's failure to file a motion to unseal the warrant or conduct an investigation into whether there was probable cause to support the affidavit was deficient under the first *Strickland* prong.  Doc. 6-1, pp. 438-440.  Finding Moon's trial counsel's performance deficient, the Court proceeded to the prejudice prong.  Doc. 6-1, pp. 441-442.  In considering that prong, the Court concluded that, because the search warrant was not part of the record before the state court that adjudicated Moon's claim on the merit, it could not, at that time, "consider the search

7

warrant and warrant application[]" that federal habeas counsel had since obtained a copy of.

Doc. 6-1, p. 442.  The Court proceeded to explain:

> The search warrant is the sole piece of evidence which can prove or disprove the
> matter of whether Moon has suffered prejudice as a result of trial counsel's deficient
> performance. In the absence of the warrant, the record, while "adequate for [the]
> application of Strickland's competency standard, . . . is incomplete with respect to
> prejudice." *Kimmelman*, 477 U.S. 390. Now that his counsel possess the warrant
> and the application affidavit, Moon first must afford the state courts a full and fair
> opportunity to rule upon his challenge to the validity of the search warrant under
> the principles set forth in clearly established Supreme Court precedent.

Doc. 6-1, p. 442.

Recognizing that the filing of a federal habeas petition does  not toll the running of the

statute of limitations for filing a federal habeas petition as well as the approval by the Sixth

Circuit of equitable tolling to allow a federal habeas petitioner to fully present his claims to the

state courts, the Court concluded:

> [I]n the interests of equity that Moon shall be permitted to return to state court to
> litigate his challenge to the validity of the search warrant, whether by an appeal of
> the trial court's denial of his motion to correct the record under Ohio App. R. 9(E),
> a motion to re-open his direct appeal under Ohio App. R. 26(B), or other appropriate
> post-conviction review proceedings. He shall commence that process within 30
> days of my order. After the conclusion of the state court proceedings, he then must
> re-file his habeas petition, supplementing the record to reflect the intervening state
> court proceedings, within 30 days.

Doc. 6-1, pp. 442-443.  Thus, Moon's petition was dismissed without prejudice and the statute of

limitations under 28 U.S.C. § 2244(d) was equitably tolled "while Moon promptly exhausts his

state court remedies."  Doc. 6-1, p. 444.  The Court ordered that:

> Moon shall resume his pursuit of his state remedies within 30 days of my order and
> then he must return to federal court within 30 days of exhausting his state remedies.
> If Moon fails to abide by these guidelines, he will not be entitled to equitable tolling
> under this order and my prospective tolling of the statute of limitations will be
> rescinded.

Doc. 6-1, p. 444.

**D. State court proceedings following dismissal of federal habeas petition without prejudice**

      **1.       Ohio App. R. 26(B) application to re-open direct appeal**

On August 30, 2013, Moon, through counsel, filed an application to reopen his direct appeal under Ohio App. R. 26(B). Doc. 6-1, pp. 446-516. In the application, Moon sought to reopen his appeal, arguing that:

     1.  Counsel was ineffective for failing to file a complete record as contemplated by Ohio App. R. 9(E); and

     2.  Counsel was ineffective for failing to properly raise the following issue: *Trial counsel was ineffective for failing to Move to Suppress the evidence seized as a result of an invalid search warrant.*

Doc. 6-1, pp. 449-455 (emphasis in original). Moon argued that good cause for his untimely filing of his application to reopen his direct appeal was established by the Court's August 2, 2013, MOO. Doc. 6-1, pp. 446, 476-487. On September 23, 2013, the State of Ohio filed a memorandum in opposition. Doc. 6-2, pp. 7-13. On January 14, 2014, the Eighth District Court of Appeals denied Moon's application to reopen. Doc. 6-2, pp. 14-23. The court concluded that, even assuming that the decision by this federal habeas Court provided good cause for the delayed App. R. 26(B) filing, "Moon still cannot establish that there is a genuine issue on the ineffective assistance of appellate counsel claim he asserts here." Doc. 6-2, pp. 17-18. The court of appeals explained that, even if appellate counsel had requested a copy of the warrant and moved to have it added to the record on appeal, the warrant was not part of the record in the trial court and therefore could not have been considered by the court of appeals in the direct appeal. Doc. 6-2, pp. 18-21. The court proceeded to explain that a post-conviction action, as opposed to a direct appeal, was the "proper mechanism for asserting an ineffective assistance of trial counsel claim that is based on evidence de hors the record." Doc. 6-2, p. 21.

9

On March 3, 2014, Moon, through counsel, filed a notice of appeal with the Supreme

Court of Ohio (Doc. 6-2, pp. 24-25) and memorandum in support of jurisdiction (Doc. 6-2, pp.

26-46).  In his memorandum in support of jurisdiction, Moon raised the following proposition of

law:

> A court of appeals abuses its discretion by denying an application to reopen an
> appeal where appellant counsel failed to supplement the record on appeal with a
> search warrant which was necessary to support an argument that the warrant was
> defective, thus providing a basis to establish prejudice in the claim of ineffective
> assistance of appellant's trial counsel.

Doc. 6-2, pp. 27, 33-35.  The State of Ohio filed a memorandum in response.  Doc. 6-2, pp. 47-

53.  On May 14, 2014, the Supreme Court of Ohio declined to accept jurisdiction of Moon's

appeal.  Doc. 6-2, p. 53.

### 2.  Motion to withdraw guilty plea and petition to vacate and set aside sentence

On February 20, 2014, Moon, through counsel, filed with the trial court, a motion to

withdraw his guilty plea.  Doc. 6-2, pp. 54-131.  Also, on February 20, 2014, Moon, through

counsel, filed with the trial court, a petition to vacate and set aside sentence.  Doc. 6-2, pp. 132-

209.

Moon argued that the search warrant relating to evidence that formed the basis for Counts

47-101 was not supported by probable cause.  Doc. 6-2, p. 63.  He sought to withdraw his guilty

plea, contending he:

> was deprived his right to the effective assistance of counsel, first when his trial
> counsel failed to even attempt to review the search warrant in his case before telling
> Mr. Moon to enter guilty pleas which resulted in a 20-year sentence, then next by
> this appellate counsel when he failed to properly litigate this claim.

Doc. 6-2, p. 63; *see also* Doc. 6-2, pp. 134-136.  He also argued that he "was unavoidably

prevented from discovering the fact that his search warrant was defective because" his appellate

counsel also rendered ineffective assistance of counsel.  Doc. 6-2, pp. 63, 134.  The State of Ohio

filed a combined brief in opposition to the two motions.  Doc. 6-2, pp. 210-221.  On September

8, 2014, the trial court denied Moon's motion to withdraw guilty plea and motion to vacate and

set aside sentence.  Doc. 6-2, p. 222.

On September 26, 2014, Moon, through counsel, filed a notice of appeal from the trial

court's September 24, 2014, entry.  Doc. 6-2, pp. 223-231.  In his appellate brief filed on October

24, 2014, (Doc. 6-2, pp. 232-247), Moon raised the following assignments of error:

1. The trial court abused its discretion when it denied Mr. Moon's postconviction
   petition in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments to
   the United States Constitution.

2. The trial court abused its discretion when it denied Mr. Moon's Motion to
   Withdraw his Guilty Plea in violation of the Fourth, Fifth, Sixth, and Fourteenth
   Amendments to the United States Constitution.

Doc. 6-2, pp. 235, 238-246.  The State of Ohio filed its appellate brief on November 10, 2014.

Doc. 6-2, pp. 248-262.  On April 23, 2015, the court of appeals affirmed in part; reversed in part;

and remanded the case to the trial court.  Doc. 6-2, pp. 263-297.  The court of appeals found that

the trial court lacked jurisdiction to consider the motion to withdraw guilty plea, and, therefore,

properly denied that motion.  Doc. 6-2, p. 265.  The court found, however, that the trial court

abused its discretion is denying the petition for postconviction relief because there was an

absence of evidence in the record showing that the August 8, 2008, search warrant had actually

been issued.[4]  Doc. 6-2, pp. 265, 275-276.  Thus, the court remanded the matter to the trial court

to hold an hearing "to investigate the circumstances surrounding the alleged August 8, 2008

---

[4] The court of appeals indicated that the record contained: (1) an August 6, 2008, search warrant; (2) an August 8,
2008, affidavit for search warrant; (3) an August 15, 2008, search warrant; and (4) inventory lists itemizing items
recovered in connection with searches conducted on August 6 and 8, 2008, but no August 8, 2008, search warrant.
Doc. 6-2, pp. 274-275.

search warrant" and "to determine whether Moon has met the requirements for filing an untimely petition for postconviction relief . . . and, if so, whether he has established grounds for the relief requested."  Doc 6-2, p. 294 (footnote omitted).

On April 30, 2015, Moon, through counsel, filed in the court of appeals a motion to certify a conflict.  Doc. 6-2, pp. 299-302.  Moon's proposed question to be certified was: "Whether a trial court has jurisdiction to rule on a motion to withdraw guilty plea under Ohio Crim. R. 32.1, after a direct appeal had previously been taken from the judgment of conviction and the court of appeals affirmed the judgment?"  Doc. 6-2, p. 301.  The State of Ohio filed an opposition brief.  Doc. 6-2, pp. 303-306.  On May 19, 2015, the court of appeals denied Moon's motion to certify a conflict.  Doc. 6-2, p. 307.

On June 8, 2015, Moon, through counsel, filed a notice of appeal with the Supreme Court of Ohio from the Eighth District Court of Appeals' April 23, 2015, judgment (Doc. 6-2, pp. 308-309) and memorandum in support of jurisdiction (Doc. 6-2, pp. 310-360).  In his memorandum in support of jurisdiction, Moon raised the following proposition of law:

> A trial court has jurisdiction to hear a post-sentencing motion to withdraw guilty plea under Crim. R. 32.1, absent a prior appeal involving the same specific issue. *State ex re. Special Prosecutors v. Judges, Belmont, Cty. Court of Common Pleas*, 55 Ohio St.2d 94, 378 N.E.2d 162 (per curiam) limited.

Doc. 6-2, pp. 311, 321-324.  On July 8, 2015, the State of Ohio filed its response to the memorandum in support of jurisdiction.  Doc. 6-2, pp. 361-372.  On December 2, 2015, the Supreme Court of Ohio declined to accept jurisdiction of Moon's appeal.  Doc. 6-2, p. 373.

### 3.    Post-conviction petition following remand

Following the court of appeals' remand as to Moon's petition for post-conviction relief, on March 4, 2016, the State of Ohio filed a supplemental brief in opposition to Moon's petition for post-conviction relief.  Doc. 6-2, pp. 374-393.  The State attached a copy of the August 8,

2008, search warrant to its supplemental brief.  Doc. 6-2, pp. 391-393.  On April 4, 2016, Moon, through counsel, filed a response to the State's supplemental brief.  Doc. 6-2, pp. 394-399.  On April 28, 2016, the trial court conducted a hearing.  Doc. 6-2, p. 403.

On October 4, 2016,[5] the trial court denied Moon's motion for post-conviction relief. Doc. 6-2, pp. 400-409.  The trial court found that Moon did not meet the requirements necessary to have his untimely petition considered, i.e., he was not unavoidably prevented from discovery of the facts upon which he had to rely to present his claim for relief; and he could not show, by clear and convincing evidence, that but for constitutional error at trial, no reasonable factfinder would have found him guilty.  Doc. 6-2, pp. 403-409.  The trial court concluded that, as of December 5, 2011, when his new counsel obtained a copy of the affidavit in support of the August 8, 2008, search warrant, Moon had all the necessary discovery he needed to pursue a petition for post-conviction relief but he did not file his petition for post-conviction relief with the trial court until February 20, 2014.  Doc. 6-2, pp. 404-405.

On January 7, 2014, Moon, through counsel, filed a notice of appeal with the Eighth District Court of Appeals from the trial court's October 6, 2016, judgment.  Doc. 6-2, pp. 410-413.  Respondent notes that "The opinion and journal entry were issued on October 6, 2016; however, the clerk of court did not indicate service on the court's docket pursuant to Civ.R. (B)[6] until December 5, 2016."  Doc. 6, p. 10, n. 4; *see also* Doc. 6-2, p. 498 (docket sheet, Case No

---

[5] The journal entry and opinion was docketed on October 6, 2016.  Doc. 6-2, p. 400.

[6] Respondent's brief omits the rule number but the undersigned notes that Ohio Crim. R. 49(B) states that "Service upon the attorney or upon the party shall be made in the manner provided in Civil Rule 5(B)."  Ohio Civ. R. 5 Ohio Civ. R. 5(B) addresses service and filing of pleadings and other papers subsequent to the original complaint and Civ. R. 5(B)(4) provides that "Documents filed with the court shall not be considered until proof of service is endorsed thereon or separately filed."  Ohio Civ. R. 5(B)(4).

CR-09-522061, December 5, 2016, entry).  In his appellate brief filed on April 4, 2017, (Doc. 6-2, pp. 414-427), Moon raised the following assignment of error:

> The trial court abused its discretion when it denied Mr. Moon's postconviction petition in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Doc. 6-2, pp. 418, 421-427.  On May 30, 2017, the State of Ohio filed its appellate brief.  Doc. 6-2, pp. 428-445.  Moon filed a reply brief on June 12, 2017.  Doc. 6-2, pp. 446-453.  On November 22, 2017, the court of appeals affirmed the trial court's decision to deny Moon's postconviction petition.  Doc. 6-2, pp. 454-467.

On January 8, 2018, Moon, through counsel, filed a notice of appeal with the Supreme Court of Ohio (Doc. 6-2, pp. 468-469) and memorandum in support of jurisdiction (Doc. 6-2, pp. 470-496).  In his memorandum in support of jurisdiction, Moon raised the following proposition of law:

> A trial court abuses its discretion and violates a defendant's Fourth, Fifth, Sixth and Fourteenth U.S. Constitutional Amendment rights when it unreasonably denies a postconviction petition.

Doc. 6-2, pp. 471, 474-481.  On April 25, 2018, the Supreme Court of Ohio declined to accept jurisdiction of Moon's appeal.  Doc. 6-2, p. 497.

**E.  Pending federal habeas petition**

On October 26, 2018, Moon, through counsel, filed the federal habeas petition presently before this Court.  Doc. 1.  In his Petition, Moon raised the following grounds for relief:

> **GROUND ONE**: Petitioner was denied effective assistance of counsel as guaranteed by the 6th and 14th Amendments when counsel advises to take a guilty plea before attempting to review the search warrant.
>
> **Supporting facts**: Petitioner was arrested on 7/29/2008.  The police obtained a search warrant on 8/6/2008 and executed said warrant.  Petitioner was indicted on 4/1/2009 based in part on evidence found during the execution of the search warrant.  On the advice of counsel, who never requested or review [sic] the search

14

warrant, Petitioner entered a guilty pleas [sic] on 6/8/2009 and was sentenced to 20 years.  A subsequent review of the search warrant revealed its deficiencies that should have been challenged or at a minimum considered before entering a guilty plea.

**GROUND TWO**: Petitioner was denied due process when the trial court imposed a sentence contrary to law[.]

**Supporting facts**: Petition[er] was sentence[d] to 20 years in prison based on consecutive sent[en]ces.  The trial court did not make the findings required from law, ORC 2929.14 when it imposed consecutive sentences.

Doc. 1, pp. 5, 7.

### III.    Analysis

**A.  Standard of review under AEDPA**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), apply to petitions filed after the effective date of the AEDPA.  *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007).  In particular, the controlling AEDPA provision states:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

**B.  AEDPA Statute of Limitations**

    28 U.S.C. § 2244 limits the time within which a person in custody pursuant to the

judgment of a state court may file a petition for a federal writ of habeas corpus, providing in

relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court.  The
> limitation shall run from the latest of
>
> (A)    the date on which the judgment became final by the conclusion of direct
> review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State
> action in violation of the Constitution or laws of the United States is removed, if
> the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized
> by the Supreme Court, if the right has been newly recognized by the Supreme Court
> and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented
> could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or
> other collateral review with respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  The statute of limitations is tolled for any period of time during which a

properly filed petition for post-conviction or other collateral review is pending before the state

courts.  *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003).  "[A]n application is pending so long

as the ordinary state collateral review process is 'in continuance.'"  *Carey v. Saffold*, 536 U.S.

214, 219-220 (2002).  This statutory tolling provision, however, does not "revive the limitations

period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.

Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute

of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (internal quotations and citation omitted).

### 1.    Moon's Petition is untimely under 28 U.S.C. § 2244(d)(1)(A)

Under 28 U.S.C. § 2244(d)(1)(A), Moon's one-year statute of limitations began to run when "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See 28 U.S.C. § 2244(d)(1)(A).   Therefore, Moon's judgment became final on July 19, 2011, i.e., at the expiration of the 90-day period that Moon had to seek certiorari before the United States Supreme Court following the Supreme Court of Ohio's April 20, 2011, denial of Moon's motion for reconsideration.  The statute of limitations began running the next day, i.e., July 20, 2011, and Moon had one year from that date or, until July 20, 2012, to file his federal habeas petition.

As indicated herein, Moon's Petition was filed on October 26, 2018, more than one year after the expiration of the statute of limitations.  Accordingly, absent tolling of the statute of limitations, his Petition is time-barred.

### 2.    Moon is not entitled to tolling of the statute of limitations

The Court's equitable tolling of the statute of limitations in its August 2, 2013, order was subject to Moon's satisfaction of certain conditions.   Those conditions were that "Moon shall resume his pursuit of his state remedies within 30 days of my order and then he must return to federal court within 30 days of exhausting his state remedies."  Doc. 6-1, p. 44.  The Court further stated that, "<u>If Moon fails to abide by these guidelines, he will not be entitled to equitable tolling under this order and my prospective tolling of the statute of limitations will be rescinded</u>." Doc. 6-1, p. 444 (emphasis supplied).

Moon filed an application to reopen his direct appeal on August 30, 2013.  Doc. 6-1, p. 446.  This filing occurred within 30 days of the Court's August 2, 2013, order.  However, he did not file his state postconviction motions with the trial court within the 30-day time period set by the Court.  Those motions were not filed until February 20, 2014.  Doc. 6-2, pp. 54-131 (motion to withdraw guilty plea); Doc. 6-2, pp. 132-209 (petition to vacate and set aside sentence).  Assuming arguendo that the filing of the application to reopen his direct appeal served to satisfy the first condition of the Court's order, Moon did not satisfy the second condition, i.e., he did not return to federal court within 30 days of exhausting his state remedies.

Moon's last pursuit of his state remedies was his attempt to have the Supreme Court of Ohio accept jurisdiction of his appeal relating to the denial of his postconviction petition.  Doc. 6-2, pp. 468-469, 470-496.  As detailed above, on April 25, 2018, the Supreme Court of Ohio declined to accept jurisdiction of Moon's appeal.  Doc. 6-2, p. 497.  However, Moon did not return to federal court until October 26, 2018, i.e., 184 days after exhausting his state remedies.  Considering Moon's failure to satisfy the Court's conditions, the undersigned concludes that Moon is not entitled to equitable tolling under the Court's August 2, 2013, order.

Notwithstanding Moon's failure to comply with the conditions set by this Court, Moon asserts he is entitled to traditional equitable tolling.  Doc. 9, p. 4.  A habeas petitioner is entitled to equitable tolling only if (1) "he has been pursuing his rights diligently[;]" and (2) "that some extraordinary circumstance stood in his way and prevented timely filing."  *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010)).  Equitable tolling is "applied sparingly" and is evaluated on a case-by-case basis, with the petitioner retaining the "ultimate burden of

18

persuading the court that he or she is entitled to equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (internal quotations and citations omitted).

Moon argues that:

As to the first prong, Moon has been timely in his filings for nearly a decade. He obviously has intended to vigorously pursue his rights. Secondly, undersigned counsel presumed there was one year from the time the entry was final to refile. This misunderstanding should not be held against Moon.

Doc. 9, p. 4.

Moon's contention that he has been diligently pursuing his rights is belied by the fact that he waited six months to return to federal court following the Supreme Court of Ohio's April 25, 2018, decision to decline jurisdiction over his appeal. Also, as pointed out by the state trial court and state court of appeals, Moon did not seek postconviction relief as to the search warrant issue until more than two years after he had received a copy of the affidavit in support of the search warrant. Doc. 6-2, pp. 404-405 (trial court's October 6, 2016, journal entry and opinion) ("As of December 5, 2011, Defendant knew about the potential lack of a search warrant and had the necessary affidavit to form his argument regarding the absence of probable cause . . . Ultimately, Defendant did not file a petition with this Court regarding the search warrant until February 20, 2014, more than two years after he knew the facts upon which he must base his claim for relief."); Doc. 6-2, p. 465 (state court of appeals' November 22, 2017, journal entry and opinion) ("Moon did not file a petition with the trial court regarding the search warrant until two years after he was aware of the facts upon which he must base his claim for relief.")

Even assuming arguendo that he could demonstrate that he has been diligently pursuing his rights, Moon has not demonstrated that his attorney's "misunderstanding" is an extraordinary circumstance entitling him to equitable tolling. It is well established that a habeas corpus proceeding is civil in nature and the Sixth Amendment right to counsel afforded for criminal

19

proceedings does not apply. *See, e.g., Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (citing *McCleskey v. Zant*, 499 U.S. 467, 495, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)); *Douglas v. Maxwell*, 357 F.2d 320, 321 (6th Cir. 1966); (there is no Sixth Amendment right to appointed counsel in habeas cases since a habeas corpus proceeding is not a criminal proceeding). Furthermore, although " unprofessional attorney conduct may, in certain circumstances, prove 'egregious' and can be 'extraordinary[,]'" the Supreme Court has held that "'a garden variety claim of excusable neglect,' *Irwin*, 498 U.S., at 96, 111 S.Ct. 453, such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, *Lawrence*, *supra*, at 336, 127 S.Ct. 1079, does not warrant equitable tolling." *Holland*, 560 U.S. at 651, 651-652. In *Lawrence v. Florida*, the Supreme Court, when rejecting a petitioner's claim that "his counsel's mistake in miscalculating the limitations period entitles him to equitable tolling[,]" explained that, "[i]f credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline. Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel[.]" 549 U.S. 327, 336-337 (2007); *see also Elliott v. Dewitt*, 10 Fed. Appx. 311, 313 (6 th Cir. May 8, 2001) ("[A]n attorney's mistake which results in missing the filing deadline imposed by the AEDPA is not a basis for equitable tolling.").

Considering the foregoing, the undersigned concludes that Moon cannot demonstrate entitlement to traditional equitable tolling.

Moon also appears to make an argument that he is entitled to statutory tolling, arguing that "his postconviction petition, for which he was granted an evidentiary hearing and therefore was timely, triggered U.S.C. 2244(d)(1), and in the alternative, tolled the proceedings. *Day v. McDonough*, 547 U.S. 198, 201 (2006) ("The one-year clock is stopped...during the time the

petitioner's 'properly filed' application for state postconviction relief 'is pending' ")." Doc. 9, p. 3.  Moon's argument is unavailing.

First, the state courts did not find that Moon's petition for postconviction relief was timely.  Doc. 6-2, p. 465 (court of appeals' November 22, 2017, journal entry and opinion( ("Moon did not file a petition with the trial court regarding the search warrant until two years after he was aware of the facts upon which he must base his claim for relief . . . We agree with the trial court that the petition was untimely, and Moon had the facts for which he could have presented a claim for relief.").   Further, while the state court of appeals recognized that an untimely petition could be considered if Moon could show "by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found him guilty of the offense of which he was convicted[,]"  the state court of appeals found that Moon did not meet this requirement.  Doc. 6-2, pp 465-466.  The court concluded that "[i]n examining the record, there is not sufficient evidence that Moon would not have been found guilty of the charges for which he pled guilty."  Doc. 6-2, p. 466.  Thus, while a hearing was conducted by the trial court, there was no finding that the petition was timely.

Second, as discussed above, the AEDPA one-year statute of limitations expired on July 20, 2012.  Therefore, by the time the postconviction petition was filed on February 20, 2014, the AEDPA statute of limitations had already run and, the statutory tolling provision does not "revive the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."  *Vroman*, 346 F.3d at 602.

Considering the foregoing, the undersigned concludes that Moon has not demonstrated that statutory tolling applies.

IV.     **Conclusion and Recommendation**

For the reasons explained herein, the undersigned concludes that Moon's October 26, 2018, Petition was not timely filed within AEDPA's one-year statute of limitations.  Further, the undesigned concludes that Moon is not entitled to equitable tolling of the statute of limitations under the Court's August 2, 2013, order, nor has he demonstrated that he is entitled to traditional equitable tolling or statutory tolling.  Accordingly, the undersigned recommends that the Court **DISMISS** Moon's Petition as barred by the statute of limitations.


Dated: April 20, 2021

/s/ Kathleen B. Burke
Kathleen B. Burke
United States Magistrate Judge


**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).